IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street, S.W., Suite 800<br>Washington, DC 20024,<br><br>        *Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue, N.W.,<br>Washington, DC 20530-0001,<br><br>        *Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational foundation organized under the laws of the District of Columbia and has its principal place of business at 425 Third Street, S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government, politics, and the law. As part of its educational mission, Plaintiff regularly requests access to the public records of federal, state and local

government agencies, entities and offices under FOIA to shed light on the operations of the federal government and to educate the public about these operations. Plaintiff then analyzes the agency records and disseminates its findings and the agency records to the public.

4. Defendant U.S. Department of Justice is an agency of the United States Government and is headquartered at U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, DC 20530-0001. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On April 21, 2014, Plaintiff submitted a FOIA request to Defendant by certified mail, seeking access to:

   a. Any and all records concerning, regarding, or related to meetings and/or communications between employees of the Department of Justice Public Integrity Section (PIN) and employees of the Internal Revenue Service Tax Exempt and Government Entities Division regarding 501(c)(4)s or other tax-exempt organizations;
   b. Any and all records concerning, regarding, or related to meetings and/or communications between PIN employees and the White House regarding 501(c)(4)s or other tax-exempt organizations;
   c. Any and all records concerning, regarding, or related to meetings and/or communications between PIN employees and Members of Congress and/or congressional staff regarding 501(c)(4)s or other tax-exempt organizations; and
   d. Any and all records concerning, regarding, or related to communications and/or meetings between PIN employees and any non-government entity regarding 501(c)(4)s or other tax-exempt organizations.

The timeframe for this request is January 1, 2009 to the present.

6. According to United States Postal Service records, Plaintiff's FOIA request was received by Defendant on April 28, 2014.

7. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) working days

2

after its receipt of the request and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. Defendant's determination was due by May 27, 2014.

8. As of the date of this complaint, the Defendant has failed to: (i) determine whether to comply with Plaintiff's request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; and/or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

9. Because the Defendant has failed to comply within the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its request, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

10. Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

12. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's FOIA request, and will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA requests; (2) order Defendant to produce, by a date certain, any and all non-

exempt records responsive to Plaintiff's FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: July 21, 2014

Respectfully submitted,

JUDICIAL WATCH, INC.

*s/ Ramona R. Cotca*
Ramona R. Cotca
D.C. Bar No. 501159
425 Third Street, S.W., Suite 800
Washington, DC 20024
(202) 646-5172
*Counsel for Plaintiff*